IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
SAN ANTONIO DIVISION

| | | |
|---|---|---|
| CHRISTOPHER O. WOODRUFF, | ) | CV. NO. 5:14-CV-602-DAE |
| | ) | |
| Petitioner, | ) | |
| | ) | |
| vs. | ) | |
| | ) | |
| 226TH DISTRICT COURT, BEXAR COUNTY, TEXAS, | ) | |
| | ) | |
| Respondent. | ) | |

ORDER ADOPTING MAGISTRATE JUDGE'S REPORT AND
RECOMMENDATION

Before the Court are Objections to Magistrate Judge Mathy's Report and Recommendation filed by Petitioner Christopher O. Woodruff ("Petitioner") (Dkt. # 21). Pursuant to Local Rule CV-7(h), the Court finds this matter suitable for disposition without a hearing. For the reasons that follow, the Court **ADOPTS** the Magistrate Judge's Report and Recommendation.

BACKGROUND

On November 4, 2009, Petitioner was convicted of recklessly causing injury to his father, Charles Woodruff, by pushing him. (Dkt. # 18 at 4.) The 226th District Court of Bexar County, Texas sentenced Petitioner to ten years of imprisonment, suspended and probated for a term of ten years. (Id.) Petitioner

1

appealed to the Texas Fourth Court of Appeals, which affirmed Petitioner's conviction on October 27, 2010. Woodruff v. State, No. 04-10-00078-CR, 2010 WL 4243668 (Tex. App. Oct. 27, 2010). On May 4, 2011, the Texas Court of Criminal Appeals denied Petitioner's petition for discretionary review. (Id.)

On June 11, 2012, Petitioner filed an application for writ of habeas corpus under Article 11.072 of the Texas Code of Criminal Procedure seeking to have his conviction set aside based on ineffective assistance of counsel. (Dkt. # 18 at 5.) After holding two hearings, the trial court denied Petitioner's application on January 18, 2013. (Id.) On August 28, 2013, the Texas Fourth Court of Appeals affirmed the trial court's denial of Petitioner's application. Ex parte Woodruff, No. 04-13-00130-CR, 2013 WL 4678732 (Tex. App. Aug. 28, 2013). The Texas Court of Criminal Appeals denied Petitioner's petition for discretionary review on April 16, 2014. (Id.)

Petitioner filed a Petition for Writ of Habeas Corpus in this Court pursuant to 28 U.S.C. § 2254 on July 3, 2014. (Dkt. # 1.) Petitioner alleges that he received ineffective assistance of counsel when his counsel failed to (1) call character witnesses who would have testified regarding the "violent nature" of Petitioner's father, and (2) introduce a video recording of the crime scene. (Dkt. # 2 at 32–34.) On July 14, 2014, Respondent 226th District Court of Bexar County ("Respondent") filed a response to the Petition (Dkt. # 8), and Petitioner filed a

reply on October 1, 2014 (Dkt. # 15).  On October 3, 2014, Magistrate Judge Mathy issued a Report and Recommendation recommending that the Court deny the Petition and deny a certificate of appealability.  (Dkt. # 18 at 22.)  Pursuant to an extension of time granted by the Court, Petitioner filed Objections to the Report and Recommendation on December 19, 2014.  (Dkt. # 21.)

## STANDARDS OF REVIEW

I.  Review of a Magistrate Judge's Report and Recommendation

The Court must conduct a de novo review of any of the Magistrate Judge's conclusions to which a party has specifically objected.  See 28 U.S.C. § 636(b)(1)(C) ("A judge of the court shall make a de novo determination of those portions of the report or specified proposed findings or recommendations to which objection is made.").  The objections must specifically identify those findings or recommendations that the party wishes to have the district court consider.  Thomas v. Arn, 474 U.S. 140, 151 (1985).  A district court need not consider "[f]rivolous, conclusive, or general objections."  Battle v. U.S. Parole Comm'n, 834 F.2d 419, 421 (5th Cir. 1987) (quoting Nettles v. Wainwright, 677 F.2d 404, 410 n.8 (5th Cir. 1982), overruled on other grounds by Douglass v. U.S. Auto. Ass'n, 79 F.3d 1415 (5th Cir. 1996)).

Findings to which no specific objections are made do not require de novo review; the Court need only determine whether the Report and

Recommendation is clearly erroneous or contrary to law.  United States v. Wilson, 864 F.2d 1219, 1221 (5th Cir. 1989).

II.     Section 2254 Habeas Petition

"[A] district court shall entertain an application for a writ of habeas corpus in behalf of a person in custody pursuant to the judgment of a State court only on the ground that he is in custody in violation of the Constitution or laws or treaties of the United States."  28 U.S.C. § 2254(a).  A district court may grant an application for a writ of habeas corpus with respect to a claim that has been adjudicated on the merits in state court proceedings only where adjudication of the claim:

(1)     resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States; or

(2)     resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding.

Id. § 2254(d).

With regard to the first basis for relief, a district court must find that the state court's application of clearly established federal law was objectively unreasonable.  Williams v. Taylor, 529 U.S. 362, 409 (2000).  To attain habeas relief from a federal court, "a state prisoner must show that the state court's ruling on the claim being presented in federal court was so lacking in justification that

4

there was an error well understood and comprehended in existing law beyond any possibility for fairminded disagreement." Harrington v. Richter, 131 S. Ct. 770, 786–87 (2011) (internal quotation marks omitted). "A state court's determination that a claim lacks merit precludes federal habeas relief so long as fairminded jurists could disagree on the correctness of the state court's decision." Id. at 786.

When determining whether a state court's decision was based on an unreasonable determination of the facts under § 2254(d), a state court's factual determinations "shall be presumed to be correct," and the habeas applicant has "the burden of rebutting the presumption of correctness by clear and convincing evidence." 28 U.S.C. § 2254(e)(1). "[A] state-court factual determination is not unreasonable merely because the federal habeas court would have reached a different conclusion in the first instance." Burt v. Titlow, 134 S. Ct. 10, 15 (2013).

## DISCUSSION

Petitioner objects to the Magistrate Judge's conclusion that the state appellate court's application of federal law to his claims for habeas relief was not objectively unreasonable. (Dkt. # 21 at 6.) Petitioner argues that his counsel's failure to (1) call Lynda James ("James") to testify regarding his father's abusive nature, and (2) introduce a video recording of the crime scene, constituted

ineffective assistance of counsel, and that the state court's denial of habeas relief was therefore unreasonable.[1] (Id. at 6–7.)

To obtain habeas relief on a claim of ineffective assistance of counsel, a petitioner must demonstrate that his counsel was deficient and that the deficiency prejudiced his defense. Strickland v. Washington, 466 U.S. 668, 687 (1984). In order to establish that his counsel's performance was constitutionally deficient, the petitioner carries the burden of proving that counsel's representation fell below an objective standard of reasonableness. Id. at 688. There is a strong presumption that trial counsel's conduct fell within the wide range of reasonable professional assistance. Id. at 690. In reviewing counsel's performance, the court makes every effort to eliminate the distorting effects of hindsight, and attempts to adopt the perspective of counsel at the time of the representation. Id. at 689.

Even if the petitioner is able to show that trial counsel's errors were professionally unreasonable, the petitioner must also be able to show that those errors were prejudicial to the defense in order to constitute ineffective assistance under the Constitution. Id. at 692. The petitioner must show that there is a reasonable probability that, but for counsel's unprofessional errors, the result of the

---

[1] Petitioner did not submit any part of the state record for review. Respondent submitted the state appellate court's decision on direct appeal, the state trial court's decision denying Petitioner's habeas application, the appellate court's decision affirming the denial of Petitioner's habeas application, the parties' briefs from the appeal of Petitioner's habeas application, and the parties' briefs on direct appeal. (Dkt. ## 8, 11.)

proceeding would have been different.  Id. at 694.  Only a reasonable probability is sufficient to undermine confidence in the proceeding's outcome.  Id.

Petitioner's claims for ineffective assistance of counsel were adjudicated on the merits by the Fourth Texas Court of Appeals, and this Court's review is therefore limited to determining whether the state court's rejection of these claims was objectively unreasonable.  28 U.S.C. § 2254(d).  "When § 2254(d) applies, the question is not whether counsel's actions were reasonable.  The question is whether there is any reasonable argument that counsel satisfied Strickland's deferential standard."  Harrington, 562 U.S. at 105.

I.    Failure to Call Character Witnesses

Petitioner first objects to the Magistrate Judge's finding that the state appellate court reasonably held that the failure of his trial counsel, Anthony Miller, to call James as a witness did not constitute ineffective assistance of counsel.  (Dkt. # 21 at 4.)  At the habeas hearing before the trial court, James testified that she was on the phone with Petitioner on the day of the incident and heard Petitioner's father threaten to shoot and kill Petitioner.  (Dkt. # 8-1 at 20.)  Petitioner argues that James's testimony was crucial because she was the only third-party witness to the time in question and would have offered evidence supporting the reasonableness of Petitioner's apprehension of danger.  (Dkt. # 21 at 6.)  Petitioner also argues that

his counsel should have called additional witnesses to testify to his father's abusive nature. (Dkt. # 2 at 32, 36.)

The Texas Fourth Court of Appeals found that the father's propensity for violence and the threats he made to Petitioner were placed into evidence during the father's cross-examination before the trial court. Ex parte Woodruff, 2013 WL 4672732, at *3. The court held that because this evidence was the same or similar to the testimony that Petitioner argued should have been introduced, Petitioner had failed to show that his counsel's representation was outside of the wide range of professionally reasonable conduct. Id. The court further found that Petitioner had not shown that the omission of James's testimony was prejudicial to his defense. Id.

The state appellate court's application of the law to Petitioner's claim was not objectively unreasonable. Petitioner has pointed to no clear and convincing evidence to rebut the appellate court's factual finding that the testimony James would have given was the same or similar to evidence actually introduced on cross-examination of Petitioner's father. Given the cumulative nature of James's testimony, the state court's conclusion that counsel's decision not to call James as a witness did not constitute ineffective assistance is entirely reasonable. See United States v. Harris, 408 F.3d 186, 191 (5th Cir. 2005) ("This Court has previously refused to allow the omission of cumulative testimony to

amount to ineffective assistance of counsel."). Petitioner has thus failed to show that "there is no possibility fairminded jurists could disagree that the state court's decision conflicts with" Supreme Court precedent. See Harrington, 131 S. Ct. at 786.

II.     Failure to Present Video Recording of Scene

Petitioner objects to the Magistrate Judge's finding that counsel's failure to introduce a video recording of the crime scene constituted ineffective assistance of counsel.[2] (Dkt. # 21 at 7.) Petitioner argues that the video "would have conclusively proven the protruding metal caused" the injury to his father, and thus that Petitioner did not cause his father's injury. (Id.) Petitioner further argues that the photographs of the crime scene introduced at trial were insufficient because they "did not establish what the entire porch area and ground below the porch looked like." (Id.)

The state appellate court found that trial counsel "not only introduced the pictures of the metal framework in question, but he also extensively cross-examined [Petitioner's father] regarding specifically how he fell and the nature of his injury, i.e., that the ironwork matched the shape of the injury." Ex parte Woodruff, 2013 WL 4672732, at *3. The court held that because counsel

---

[2] The video recording does not show the incident between Petitioner and his father. The video is a recording made after the incident showing the area in front of Petitioner's house where the incident occurred.

questioned Petitioner's father "in great detail about the ironwork and his injuries, and the photographs admitted at trial clearly show the ironwork in question," Petitioner failed to show that counsel's performance fell below an objective standard of reasonableness.  Id.

The state appellate court's application of the law to Petitioner's claim was not objectively unreasonable.  Both the state trial court and the state appellate court found that the pictures introduced by Petitioner's counsel at trial clearly showed the scene of the crime, including the ironwork column, shown in the video submitted by Petitioner.  (Dkt. # 8-1 at 3); Ex parte Woodruff, 2013 WL 4672732, at *2.  The video recording submitted to the record by Petitioner (Dkt. # 22) utterly fails to satisfy the standard of "clear and convincing evidence" necessary to rebut the presumption of correctness attached to the state appellate court's factual finding that the video recording was duplicative of evidence actually introduced at trial.  Petitioner has not shown that there is not "any reasonable argument that counsel satisfied Strickland's deferential standard," Harrington, 562 U.S. at 105, and thus cannot carry his burden of showing that the state court's decision was contrary to law or an unreasonable application of clearly established federal law.

## CONCLUSION

For the foregoing reasons, the Court **ADOPTS** the Magistrate Judge's Report and Recommendation (Dkt. # 18) and **DENIES** Petitioner's Petition for

Writ of Habeas Corpus (Dkt. # 1).  The Court further **DENIES** a certificate of appealability.

        **IT IS SO ORDERED.**

        **DATED:** San Antonio, Texas, March 3, 2015.

_____
David Alan Ezra
Senior United States Distict Judge